# CIVIL COURT CITY OF ST. LOUIS, STATE OF MISSOURI

2122-CC00967

2021 MAY 21 PH 4:19

FILED
CIRCUIT
OFFICE
CLERK

State EX. Rel., Keith Young, On Behalf Of
Himself And All Similery Situated Individuals,
Defendants

vs.

~~Lyda Krewson~~, Mayor                    Jamie Wilson,
Director, Department Of Streets ; Kent D. Floke, Com-
missioner of Streets. Missouri, and Metropelitan Police
Department, et al , Defendants,

## WRIT SUMMARY

Plaintiff Keith Young 5449 Claxton, ST. Louis, Mo 63120
On Behalf Of Himself And All Similery Situated Indi-
viduals, Over $250.

Defendants, Lyda Krewson,                    Jamie Wilson, Di-
rector, Department of Streets; Kent D. Floke, Commissioner of
Streets, 7410 Hall Street ; ST. Louis, Mo 63146-2616, Metro-
politan Police Department ST. Louis, Mo.

Nature Of Underlying Action Complaint, If any Civil Rights
violation                    Deceithful, trickery,

Action Of Defendants: Unauthorized, deliberate im-
poundment / Tow my vehicle while or in face of State Of Emer-
gency and unjustified token of personal Property

Relief Sought by Plaintiff: Return Of Property or Value
thereof and money danmages

No court date, or deposition of any previous or pending wri
or other action is not pending.

IN THE CIVIL COURT OF ST. LOUIS, CITY STATE OF MISSO

State Ex Rel.,

Keith S. Young, Plaintiff, On Behalf Of )
Himself And ALL Similery Situated Individuals, ) No._____
                    vs                      )
                                            )
Lyda Krewson, Mayor, Jamie Wilson,          )
Director Department of Streets; Kent D. Flake )
Commissioner of Streets, Missouri and        )
Metropolitan Police Department City of       )
St. Louis, et al., Defendants                )


CIVIL RIGHTS COMPLAINT UNDER Tit. 42 USC 1981, 1982, 1983 AN
1985, 1986, 1985 (1)(2), (3) SECTION 1991, 1996, 1997, Act of 1


1. The plaintiff Keith Young herein and above entitled cau
of action brings his cause pursuant to ss Tit. 42 USC
1981, 1982, §§ 42 USC 1983 and 1985 1986, and 1985 (
(3) sec. (s) 1991, 1996, 1997 Act of 1871, and for violatio
of rights; Racketeer Influence and corrupt Organize Act.,
18 USCA 1962 (b) (c) (a) and 1462 (c);

1

All Exhibits "Ex's", are attached hereto made a part of this complaint, and are incorporated and adopted, and referred to as "EX" marked from A-G, and 1-21, to the plaint.

## Parties

1. The Plaintiff Keith Young, is at all times relevant complaint cause of action arose, a citizen of the State of Missouri and the United States, residing on 5449 Claxton, City of St. Louis.

2. Lyda Krewson, the mayor of Missouri, is at all times relevant to this complaint, is the mayor of Missouri and acting under the color of law, is a citizen of Missouri and the United States, it is unknown to plaintiff, whether or not defendant Krewson resides in Missouri, and is being sued both in her/his individual or official capacities; Defendant Krewson is being sued in her or his corporate capacity;

2

3. Jamie Wilson, Director Department of Streets of Missouri, is at all times relevant to this complaint is in offi and acting under color of law, is a citizen of Missouri and the United States, it is unknown to plaintiff or not Defendant Wilson resides in Missouri, and is being sued her/his indivitual or official capacities;

4. Kent D. Flake, the commissioner of streets in Missou is at all times relevant to this complaint is in offic and acting under color of law, is a citizen of Missou and the United States, it is unknown to plaintiff whatho Defendant Flake resides in Missouri or not, and is being sued in his indivitual or official capacities;

Metropolitan Police Department City of ST. Louis, Misso

5. Metropolitan Police Department of City of ST. Louis. Missouri is being sued in their corporate capacity

Plaintiff alleges that defendants are officers of the State of Missouri. Mo. Rev. Stat. 84. 330 (2000); Mo. Rev. Stat. 107. 711. 2 (2) (2000); 84. 210, R.S. Mo. 2000.

3

6. Plaintiff alleges that defendants (jointly and severally) acted with intent to deceive, manipulate or defraud, a widesprea[d] persistent pattern of indifferenace, to plaintiff's civil rights under 42 USC 1981 and 1983 when they impounded my vehicle;

7. Plaintiff contends that defendants Knowing misconduct, intentional disparate treatment and being exercised unreasona[b]ble and conduct by defendants policy created liberty or property interests by due process and state defendants either accept federal funds for a specificien department or agent

8. Plaintiff contends that defendants acted in bad faith reckless or careless disregard or indiffereanc to plaintiff's rights.

9. Plaintiff contends that defendants were negligent whe[n] state officer under color of State law fail to follow policy of Governor's State of Emergency Orders and caused to of Plaintiff's vehicle and other personal property therein, "(L)oss;

10. Plaintiff alleges that defendants fail to be aware unreasonable danger deprive plaintiff of liberty, property intere[st] in violation of constitutional guarantees

---

Plaintiff alleges that it should not have been im-possible for defendants to comply with both State and Federal requirements in the face of State of Emergency.

11 Under the unique, oquite circumstances of the location and area of the vehicle situation it's impossible to block.

12. The Plaintiff's Vehicle was parked sufficiently legally, particially close near the curb on across the street on in 415 Belt Ave, headed within inches straght into the second seperate "Private Closed Fense Gate", a "Not Thrue Deadend Alley", to plaintiff's right side and another alley open to the public to plaintiff's left and away, no close to plaintiff's Vehicle.

13. Plaintiff alleges that the defendants state offersoner under the color of state law, chapter or or in-tentionally willingly and with malice, unlawfully failed to provide plaintiff with an accurate, proper or complete notice of reason or basis upon which the vehicle was impounded and therefore denied and deprived constitute a taking of Plaintiff's Vehicle personal property without due Due Process of law in violation of plaintiff's Fifth Amendment Rights of the United States Constitution. Because surrounding conditions and circumstances and the way events were in place at the time durning the "Stay At Home Emergency" there is no possessibil way the plaintiff was blocking traffic lane and thus were a pretextuol or the like impoundment of plaintiff's Vehicle.

5

14. Plaintiff alleges that the defendants acts were unjustified was not authorized under any Code of Ordinances Chapter 17.56, to coopera act with the Board of police Comm, or the Metropolitan police department, and were without authority to to tow my car during the Mo Stay at Home order.

blocking traffic lane, illegally park-ed vehicle with magor parking violations (i.e. rush, hour, fire hydrant alley or intersection blocking) or anything in viola-tion of City County of ST. Louis Chapter 17.56, and that said Chap, 17.56 does not apply to the events and action;

15. Plaintiff alleges that code of Ordinances Chapter 11.56 is no defense to defendants action because plaintiff were prevented from obtaining his own Tow company for assistance due to the closing of Missouri. The Street or Ave dose not allow much traffic.

16. Plaintiff contends that defendant's acts were deliberate fraud or misconduct that is subjective, improper motive, arbitarorly and negligent

6

17. Plaintiff contends that defendants are deliberate in-different in training and supervising their officers, with filing incident reports, or other documents, and details of event.

18 Plaintiff alleges that his claims strems and evolve Missouri Governor Michael Parson's Executive Orders 0/5 04/2020 - Executive Order 10- Extension of Executive Order 20-04. 20-05. 20-06, and 20-08 in response to COVID-19. Signed STATE OF EMERGENCY IN MO April 7, 2020, eff. April 24th, 2020; Emergency declaration will allow these waivers and suspensions to remain in place as Missouri moves into recovery, continued flexibility in utilizing and deploy resources.      Defendants own actions or inactions contradicts the entire Declaration.

19. Plaintiff alleges that my vehicle: Pontiac Grand AM year 2002, Silver, was unlawfully impounded by the herein named defendants.

All Exhibits "EX.", are marked from A-Z, and attached hereto, are incorporated and adopted herein, and made a part hereof this action complaint by reference and referred to as "EX."

20. The plaintiff complaint action presents or fall within the exceptional category of excepting exciplend 15 in which justice was being denied and irreparal injury being down as follows:

---

The virus has been named "SARS-CoV-2" disease it cause name (Coronavirus disease 2019) (abbreviated "COVID- State wide stay-at-home order help slow the spread of the Corona in the state. This order also covers the timeframe of existing Municpal and county orders.

7.

21 Plaintiff argue that defendants failed to provide him with an accurate, vehicle copy of the reasons for the impoundment of the Ve and that reason given was not specific sufficient or proper reason for towing. See Ex. attached hereto and referred and corporated. Ex.

The reason stated for towing impounding vehicle is "blocking traffic lane Ex.

22. Plaintiff contends the reason is blanked because it lack details. (does not list or state where or what lane, on what street, Blvd., or Ave, intersection or highway or alley being blocked.

23. The plaintiff's vehicle was proper parked partially near the curb on Belt Ave. 415 Belt Ave ST. L Mo. a private gate closed ahead street, a locked closed gat alley to the right from Waterman Blvd. Stating "Alley Not Thrue". and an alley to the left open to public. There were not sufficient allegations of violation of any infraction of any County or city or

8

. 24 Plaintiff alleges that     ... Police Department City of ST. Louis Department of Streets obtained possession of my vehicle without or outside of their authority, or improper authority  towing my vehicle See, Ex. B and C attached hereto referred to as plaintiff's EX. B. and C.

25. Plaintiff contends that defendants impountment of his vehicle under color of State law or regulations or ordinence violated Federal Const., rights and without proper notice violated § 400. 9-602 R.S. Mo Supp. 2002 and § 400. 9-623 R.S. Mo. Supp. 2001, and therefore was deprived of procedural and substantial protection of due process. of the federal protection possessed a property interest created by the federal Constitution itself in that the State cannot take away without due process-and thus was denied by arbitrary irrational State, local, officers

26 Plaintiff contends that defendants policies or customs were the moving force behind the constitutional violation of plaintiff's constitutional rights

9

27. Plaintiff contends that Defendant's city policy, custom or regulations was void because vague, ambiguous and overbrood, thus impoundment and towing, unauthorized

28 Defendants provided an unauthenticated copy of removal impoundment of my vehicle

29 Plaintiff contends that defendants breached a ministerial duty imposed by statute, regulation or departmental-mandated duty, and that Notice was defective, null and void,

30 Plaintiff contends that practical difficities prevented him from using my personal property, and the Notice conflict with or contradick or inconsistent to the actual sat-up of the alleged ostreet or Ave the vehicle were suppose to be blocking, combinded with existing State of Emergency," acts of defendants that is differant from the policy of federal Government,

31 Plaintiff contends that acts or omissions by defendants curtailed plaintiff's right to property constitute a taken.

32. Plaintiff contends that Notice provided by defendants fail to satisfy Due Process Clause of the Fifth and Fourteenth Amendorents of United States and Missouri Constitution.

33. Plaintiff contends that defendant's Notice failed to provide him with sufficient adequate information to defend and prepair a defense against the reasons for impoundment and is the in fact " No Notice ". ( ) Notice was not true, were false not truth, misleading

34 Plaintiff contends that defendants failed to provide him with timely Notice of reasons for impoundment of my vehicle and therefore said Notice is insufficient and of no legal force

35. Plaintiff contends that Notice provided by defendants opposit and contrary to the condiction and actual circurstances and event and area alleaed to be blocking alleged to have been blocked lane " alley " was not alleged

36. lack fact specific statement failed to connection with Notice. There is distinction between block an area, and sitting or standing over to the side

37 Plaintiff alleges a A State or Federal emergenc had been declared did not cite as a reason for towing. Emergency Tow MO Rev. Stat. s 304. 1E (2017), also include 76-282, and in any sense would be inapplicible

38. Plaintiff alleges that the defendants plained their action impounding my vehicle on 4-27-2020, and to cau Plaintiff to endue the rate of $25 per day For storage charges were accumulating at the minimum rate of $25 per day For storage charges were accumulating at the rate of $25 per day and more than 30 days the daily storage rate will double. See Ex.

39. Plaintiff alleges that defendants actions were for the purpa of compermizing there defense and an inherenant conflick of interest between Plaintiff and defendants, or that acts of statute, zoning, or ordinance or state legislure conflict with federal law

Plaintiff alleges that defendants took action pursurant to an unconst, custom or policy

40. Plaintiff alleges that defendants subjected him to an improper public practice or criteria caused injuries.

41

4) Plaintiff contends that defendant's decision to impound my vehicle were wholly arbitrary and capricious and irrational in a strict sense, or prompted by involve political or religin, thus were wiful act or omission, or gross negligence, cocal bias to confiscate plaintiff property;

42. Plaintiff also assert an equal protection claim, argue that similor zoning must yeald or change to Governor's State Of Emergency; Federal law, is so stringent as to Const., a taking without just compensation caused economic dress injuries were lasting and or severe;

43. Plaintiff contends that defendants acted with subjective deliberate indifferent i.e., defendants take personal property and au          and transfer to law enforcement as gifts or other things (were outside soi scope of authority once the Governor signed State Of Emergency, on Apr. 7th, 2020, and defendants were not allowed and authorized to impound the vehicle

44. Plaintiff contends that defendants capricious interfeur randomly impounded plaintiff's personal property was caused by the City policy or customs, which were not responsive, quilded or in response to such a State of Emergency and therefore were inadqurate Or lack of training prejudice Plaintiff's rights, violate first and fourth, and Fourteerth Amend., U.S. Const.

13

45. Plaintiff belong to a racial minority and that others out-side my group were treated differently

46. alleges that security ought to reasonably have foreseen the event in question or some similarly event would occur and contends that, as written, the stat., rules or regulations authorizes general searches in contravention of Fourth Amend., U.S. Const., and should be struck down (  ) where officers has sufficient culpable state of mind.

47. alleges that the conduct a "routine walk-in check" Constitute an illegal sezure of property,

An ordinance has no effect over a statute, or other such events as the "State Of Emergency" decleared. City of St. Louis chater chapter 17.56, had no legal effect,

Mo. Bill of Rights Art. I., V.A.M.S. Const., Art. I., s 4,10 Art. I., s 9 V.A.M.S. Const., 42 U.S.C., s, 1983, ss 213.111, 213.010,-213.137 while acting under color of federal law;

Ope Consilio: Aid/Counsel

Does not have a license to practice any art: Licentiate

14

48 Plaintiff alleges that defendants is incompetent subjecting and conducting or practice which is or might be harmful or damaging to the physical health of a patient and were dolus; ( ) had no right to take Plaintiff's property. Preder, prendre, and copax negotii

overcome, respondant su

Hill v Marshall, 962 F.2d 1209 (6th cir. 1992) Hafer v. Melo 112 S.Ct. 358 (1991)

49                        defendants took part in and were awear of in deprivation of due process claims, Griffin-Bey, 978 F 2d 455

Plaintiff alleges that this tow created a property interest.

clearly established constitutional rights to which

568 F.3d 269                    522 F.S. 789

every reasonable officer would or should have known.

defendants

118 S.Ct. 1252 at 1254

viol Bill of Rights in fourteenth Amend.

U.S. v. Lanier 117 S.Ct. 1219 (1991).

On 7/6/2020 Gov. signed Mo. R.S. § 476.270, 476.-265. § 476.280, and public founds in 210.160 R.S. Mo. (1978), means State funds non ware provided to assist plaintiff's situation in any form or way,

Plaintiff alleges that defendants action were wrongfully against the will and without the consent of the defendants upon take away said property and converted to their own use

That by reason of the premises defendants has damaged plaintiff's property in the sum three thousand dollars

52. Wherefore the premises considered plaintiff prays judgement against defendants their agents, officers, servants and employees for the said sum
with costs and attorney's fees and that said defendants by restrained and enjoined from ac his property, mainting said vehicle therein until defendants has been paid just compensation for the taking and appropriation of said property. Provision of, § 21, Art. 2, of Const., of MO

54 Plaintiff contends that defendants cannot deny their knowledgment or the existen of State Of Emergency polici and procedures (  ) local Government violated const. right pur    to custom or Federal Government and (   ) Administration foot-draging const., a taking in violation of Fifth and Fourteenth Amendments of the United States Constitution

55. Plaintiff alleges that defendant Krewson, Wilson and Flake and Metropolitan Police Department City of ST. Lou Fraudulently participated in or took part in the deprivation of plaintiff's const. rights.

Sufferance s 44. Art. IV, 1875 Const., authorize bond other than renewal of existing bonds on the occur of an unforeseen emergency, or cause defilying the revenue.

17

56. Plaintiff contends that City policy or regulations was void because vague, ambiguous and overbroad and towing, impoundment    unauthenticated copy of removal of my vehicle;

57 Plaintiff contends that defendants breached a ministerial duty imposed by statute or regulation, there-violated either a stat. or departmental - mandated duty

58 Plaintiff contends that the practical difficulties prevented him from using my property and conflict with or contradicts, or inconsistent with existing State of Emergency " acts that is different from the policy of Federal Government".

59. Plaintiff contends that acts by defendants curtailed owner right to property Constitute a taking

VAMS 490-680, Business record.

Plaintiff contends that substantially all economic use of my property was denied durming the period in question, that a regulalor taking, a regulotory imposition of effected only a partial lose of economically viable use of plaintiff's property

56 Plaintiff contends that defendant's policy or custom was "moving force behind the injury" and which was clearty establised".

57 Plaintiff contends that defendants altered, wipe-out, omitted or deleted or destroyed the true details of the incident, or its occurance, in an effort to misled or create confusion concerning their issurance of the tic which were and reasons for impoument of the car.

58. Plaintiff alleges that the defendants acts were unjustified was not authorized under any Code of Ordinances Chapter 17.56, to coopera act with the Board of police Comm, of the Metropolitan police department, and were without authority to to tow my car during the Mo Stay at Home order.

59. blocking traffic lane, illegally parked vehicle with major parking violations (i.e. rush, hour, fire hydrant alley or intersection blocking) or anything in violation of City County of St. Louis Chapter 17.56, and that said Chap., 17.56 does not apply to the events and action;

60. Plaintiff alleges that code of Ordinances Chapter 17.56 is no defense to defendants action because plaintiff were prevented from obtaining his own Tow company for assitance due to the closing of Missouri. The Street or Ave dose not allow much traffic.

61. Plaintiff contends that defendant's acts were deliberate fraud or misconduct that is subjective, improper motive, arbitatorly and negligent

20

62. Plaintiff alleges that defendant's actions in towing my vehicle was Constitute a taking without just compensation decision was arbitrary and capriciou

a deprivation of plaintiff's substantive and procedural Due Process Clause of law.

63. Plaintiff contends that defendant obtained possession of vehicle without proper notice violate § 400.9-602. R.S. Mo. Supp. 2002, and § 400 9-623, R.S. Mo Supp. 2001

under color of any stat.. of Federal protect rights. <u>Carlson v. Roetel & Anderson</u> 5 F.3d 648 (2008 8th cir.)
<u>Gomez v. Toledo</u>, 100 S. Ct. 1920 (1980)

<u>Harrison v. Springdale Water & Sewer Co</u> 780 F.2d 1422 (8th cir. 1986)

<u>City of Canton</u>, Int 489 U.S. at 390, n. 10

64. Plaintiff alleges that ST. Louis City police department, and Department of streets obtained possession of my vehicle without or outside of their authority. claims strims or involved and center ground Missouri Governor Parson March 2020, officially declearing and Signing Executive Order 20-20, State Of Emergency in Missouri.

65 Plaintiff contends that defendants intentionally and wilfully misrepresentatived cause of accusation "reasons for towing". "blocking traf lane" is unenforcably vague, that it allow any interpretation it wishes, and involved legitamate matter of public interest and were protected by First Amend., United States Constatution

66. Plaintiff contends that defendants are required to safe guard public Health. 334.100.1 (4), R. S. Mo. 1978

67. Plaintiff contend that defendants are liable for the pena as well as under s 34 of Mo. Act. of 1804 (Rev. 1825) R. C. 1845 Tit. 20 Staves art., 1 ss 31, 32

68. Plaintiff contends that defendants cannot deny their knowledgment, or the existen of State Of Emergency policic and procedures ( ) local Government violated const..right our to custom or Federal Government and ( ) Administration Foot-droging const., a taking in violation of Fifth and Fourteenth Amendments of the United States Constitution

69 Plaintiff alleges that defendant Krewson, Wilson and Flake and Metropolitan Police Department City of ST. Lou Fraudulently participated in or took part in the deprivation of plaintiff's const..rights.

Sufferance s 44. Art. IV, 1875 Const., authorize bonds other than renewal of existing bonds on the occur of an unforeseen emergency, or cause defilying the revenue.

Plaintiff contends that defendants acts by conspiring to distri-

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays that this court issue orders on behalf of Plaintiff that the actions of the Defendants herein as set out above, violate Plaintiff's rights und the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution;

Request damages in the amount of $ 407.463 min F for paid and suffering defendants also be required to return his car or provide him with a car from the defendants tow yard, for such further relief as the court deems proper, just, and fair, including his court costs and fees be extended and paid by defendants.

Keith S. J_____

## Certificate Of Service

The undersigned hereby certify that a true and correct copy
the above and foregoing attached was mailed by placing it i
an envelope postage prepaid, in the U.S. Mail this 25th
of March_____ 2021 .

Respectfully, submitted,

By: _Keith_____

## VERIFICATION

State Of Missouri )
City Of St. Louis ) SS

I, Keith Young, the affiant in the above and foregoing a
and after being first duly placed under oath or affirmatio
do hereby swear and certify that I have read the infor

## Certificate Of Service

The undersigned hereby certify that a true and correct copy the above and foregoing attached was mailed by placing it am envelope postage prepaid, in the U.S. Mail this 25th of March 20 21.

Respectfully submitted,

By: Keith _____

## VERIFICATION

State Of Missouri )
City Of St. Louis ) ss

I, Keith Young, the affiant in the above and foregoing and after being first duly placed under oath or affirmatio do hereby swear and certify that I have read the "infor

allegations and facts herein above alleged and stated are in good faith and are true, correct and accurate according to the affiant's ability information and belief.

x Keith S____

In testimony whereof, I have hereunto set my hand affixed my official seal the day and year below written

Subscribed And Sworn To this 21st day of May 20 21.

Barbara D Renfrow

Signature Of Notary Public For Said City And State

My Commission Expires: 5-31-2024

BARBARA D. RENFROW
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis City
My Commission Expires: May 31, 2024
Commission Number: 20606492

x Keith S____
Signature Of Affiant

Ex. A.

## METROPOLITAN POLICE DEPARTMENT – CITY OF ST. LOUIS
## OWNER'S NOTIFICATION OF RECOVERED VEHICLE

**DATE LETTER MAILED**   4/27/20

### OWNER INFORMATION

YOUNG, KEITH                                              5449 CLAXTON ST
_____ Registered Owner/Victim _____              _____ Address _____

ST LOUIS _____  MO ____  63120 _____   _____  _____
    City                State        Zip Code            Home Phone      Business Pho

### VEHICLE INFORMATION

THE FOLLOWING DESCRIBED VEHICLE REGISTERED IN YOUR NAME HAS BEEN RECOVERED:

2002 _____  PONTIAC _____  GRAND AM _____  SILVER _____  NA1R3J MO 20   1G2NF52E82M654769
Year          Make            Model            Color         License No.        V.I.N

VEHICLE IN RUNNING CONDITION:   ☐ YES   ☐ NO

(Will allow 5 lines of text)

IF NO, DESCRIBE:

### RECOVERY INFORMATION

VEHICLE RECOVERED BY:
☒ ST. LOUIS POLICE DEPT.   ☐ OTHER AGENCY* _____
                                        _____ Name of Recovering Agency _____

4/27/20 _____  6:40 PM _____  _____  _____  673739
Date of Recovery      Time          Original C.N.    Other Agency C.N.   Tow Slip Numb

1. CONTACT THE ST. LOUIS POLICE DEPARTMENT, DIST. / DIV.   CITY TOW _____  PHONE  314-383-
2. CONTACT THE RECOVERING AGENCY AT   PHONE _____

YOU WILL BE ADVISED WHERE YOU CAN PICK UP YOUR VEHICLE. PLEASE BRING THIS LETTER AND CA
TITLE OR OTHER OWNERSHIP PROOF WITH YOU TO THAT LOCATION TO IDENTIFY AND CLAIM YOUR
VEHICLE. VEHICLES HELD IN THE CITY OF ST. LOUIS AND NOT CLAIMED WITHIN THIRTY (30) DAYS ARE
SOLD AT AUCTION UNDER CITY ORDINANCE.

*CONTACT THE RECOVERING AGENCY TO DETERMINE WHAT IS NECESSARY TO CLAIM YOUR VEHICLE

### OWNER NOTIFIED BY PHONE

OWNER NOTIFIED OF RECOVERY BY RECOVERING OFFICER:   ☐ YES   ☐ NO
RECOVERYING OFFICER'S DSN   11792
ATTEMPTED CONTACTS: (TO BE COMPLETED BY DESK OFFICERS)

| DATE | TIME | NUMBER CALLED/OTHER | REMARKS | BY DS |
|------|------|---------------------|---------|-------|
| 4/27/20 | 6:40 PM | | BLOCKING TRAFFIC LANE | 11309 |
| | | | | |
| | | | | |

**EASE DISREGARD THIS LETTER IF YOU HAVE BEEN CONTACTED AND/OR RECEIVED YOUR VEHICLE.**

D FORM GEN-1 (R-6) 05/09            ORIG. – OWNER   1ST COPY – UNIT FILE



# City of St. Louis
## DEPARTMENT OF STREETS
### - TOWING SERVICES FACILITY -

7410 HALL STREET
ST. LOUIS, MISSOURI 63147-2616
PHONE: (314) 383-7546
FAX: (314) 381-7613



**LYDA KREWSON**
MAYOR

**JAMIE WILSON**
DIRECTOR, DEPARTMENT OF STREETS

**KENT D. FLAKE**
COMMISSIONER OF STREETS

04/28/2020

TO:
YOUNG KEITH
5449 CLAXTON STREET
SAINT LOUIS MO 63120

The Below-Captioned Vehicle has been impounded by this Department or the City of St. Louis Police Department and is being held awaiting claimant at the tow facility located at :ST LOUIS CITY TOW - 7410 HALL ST, SAINT LOUIS, MO 63147-2616 Phone (314) 383-7546. If you wish to claim this vehicle, please follow the instructions below. If you have disposed of this vehicle to someone else, please disregard this letter.

To claim the Below-Captioned Vehicle, present the title or registration for proof of vehicle ownership at the tow facility. Lien holders wishing to claim the vehicle must present proper legal documentation of a valid security interest of record and a "Hold Harmless" letter. All claimants must establish proper identification. Payment of all towing or other removal and storage charges is by Cash or Visa or MasterCard only.

Storage charges are accumulating at the minimum rate of $25 per day. If the vehicle is impounded for more than 30 days, the daily storage rate will DOUBLE.

If not claimed within 30 days of the date of this letter, the vehicle is subject to sale at public auction or disposal under the applicable provisions of Chapter 17.56, Revised Code of the City of St. Louis 1994, as amended.

You have the right to a hearing to contest the towing or removal of the vehicle. If you wish to do so, please call 314-383-7546 and request a hearing.

MAKE: PONTIAC  YEAR: 2002
SERIAL# 1G2NF52E82M654769
LICENSE# NA1R3J MO 2020
TOW# 067373-9 REG