# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|   |   |   |
|---|---|---|
| KEITH YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:21-CV-776 RLW |
| | ) | |
| v. | ) | |
| | ) | |
| MAYOR OF THE CITY OF ST. LOUIS, | ) | |
| KENT FLAKE, JAMIE WILSON, and | ) | |
| ST. LOUIS CITY POLICE DEPARTMENT. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Mayor of the City of St. Louis, Kent Flake, Jamie Wilson, and St. Louis Metropolitan Police Department 's Motion to Dismiss (ECF No. 7) and Plaintiff's Motion to Retransfer to the State of Missouri and to Deny Defendant's Motion for Removal to Federal Court and to Strick [sic] the Removal Motion as Being Untimely (ECF No. 10). These matters are fully briefed and ready for disposition. For the reasons discussed herein, the Court denies Plaintiff's Motion to Remand and denies Defendants' Motion to Dismiss.

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007)). A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at

556). Several principles guide the Court in determining whether a complaint meets the plausibility standard. The court must take the plaintiff's factual allegations as true. *Iqbal*, 556 U.S. at 678. "This tenet does not apply, however, to legal conclusions or 'formulaic recitation of the elements of a cause of action'; such allegations may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018) (citing *Iqbal*, 556 U.S. at 678). Rather, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## BACKGROUND

On or around April 28, 2020, Plaintiff Keith Young ("Young") alleges Defendants illegally towed or impounded his vehicle, a Pontiac Grand Am, in contradiction of the Governor of Missouri's declared State of Emergency as a result of the COVID-19 pandemic. (Petition, ECF No. 4, ¶¶ 18-19). The notice from the City of St. Louis, dated April 28, 2021, provides that a 2002 Pontiac Grand Am was impounded and held at the City of St. Louis' tow facility at 7410 Hall St., St. Louis, MO 63147. (ECF No. 4-2). The notice provides instructions for claiming the vehicle and paying the storage charges. The notice reads that the recipient of the notice has the "right to a hearing to contest the towing or removal of his vehicle." *Id*.

On May 21, 2021, Young filed an action in the Circuit Court of the City of St. Louis, alleging claims based upon the "unauthorized, deceitful, trickery, deliberate impoundment/tow of my vehicle while or in face of state of emergency and unjustified taken of personal property." (Case No. 2122-CC00967, Petition, at 1). Young brings causes of action under various federal civil rights statutes and the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18

U.S.C. §1961, *et seq*. Young brings claims against the Mayor of the City of St. Louis[1], Director Department of Streets of the City of St. Louis[2], Commissioner of the Streets of the City of St. Louis[3], and the Metropolitan Police Department of the City of St. Louis.[4]

### I.      Motion to Remand (ECF No. 10)

Young contends that Defendants' removal to federal court was untimely and this Court should remand this action to state court. (ECF No. 10). Young states that Defendants were served with his lawsuit on May 28, 2021. (ECF No. 10, ¶ 2; ECF No. 1, ¶2). Defendants removed this action on June 28, 2021. (ECF No. 1). Young contends that the removal was "clearly" out of time and "defendants waived its [sic] rights to seek removal by failing to act on time." (ECF No. 10 at 3).

28 U.S.C. § 1446 provides "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Here, the thirtieth day after May 28, 2021 was Sunday, June 27, 2021. Therefore,

---

[1] Young named Lyda Krewson, "Mayor of Missouri." (Petition, ¶ 2). Tishaura Jones is currently the Mayor St. Louis. https://www.stlouis-mo.gov/government/departments/mayor/ (last visited 12/1/2010). Tishaura Jones is substituted as the Defendant herein pursuant to Rule 25(d), Fed. R. Civ. P., as are the other municipal defendants in this action.

[2] Young named Jamie Wilson, Director of St. Louis Street Department, but he is now Commissioner of Traffic. https://www.stlouis-mo.gov/government/departments/street/profiles/jamie-wilson.cfm (last visited 12/1/2021). Betherny Williams is currently the Director of the Department of Streets. https://www.stlouis-mo.gov/government/departments/street/profiles/betherny-williams.cfm (last visited 12/1/2021).

[3] Kent Flake is the Commissioner of the Streets. https://www.stlouis-mo.gov/government/departments/street/profiles/kent-flake.cfm (last visited 12/1/2021).

[4] The claims against the Mayor, Commissioner of Streets, and Director of Streets are sued in their individual and official capacities.

Defendants' removal was timely because it was filed on Monday, June 28, 2021. *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that when the last day of a time period is "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Young's Motion to Remand is denied.

II.     **Motion to Dismiss (ECF No. 7)**

In the Motion to Dismiss, Defendants contend that Young's Petition should be dismissed because it does not comport with the Federal pleading requirements because it does not provide a "short and plain" request for relief. (ECF No. 8 at 3-4 (citing Fed. R. Civ. P. 8(a)). Defendants state that Young's Petition "contains a total of sixty-nine paragraphs" of "confusing or unintelligible allegations." (ECF No. 8 at 3). Second, Defendants argue that Young does not state a claim under Section 1983 because he did not take advantage of an adequate post-deprivation remedy. (ECF No. 8 at 4 (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)).[5]

In response to the Motion to Dismiss, Young first states that his Petition was filed in State Court and, therefore, his pleadings cannot be expected to conform to Federal pleading requirements. (ECF No, 13, ¶ 4). Young states that the "Govern[ment] did not respond to his request for hearing and complaints and the 'Stay at home' prevented further reviews." (ECF No. 13, ¶ 6).

Pro se complaints, "however inartfully pleaded," are held "to less stringent standards than formal pleadings *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *Hazley v. Roy*, 378 F. Supp. 3d 751, 755–56 (D. Minn. 2019); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Though pro se complaints are to be construed liberally ... they still must allege sufficient facts to support the

---

[5] Overruled on other grounds by *Daniels v. Williams*, 106 S. Ct. 662 (1986).

claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[L]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Rickmyer v. Browne*, 995 F. Supp. 2d 989, 1027 (D. Minn. 2014) (internal quotations and citations omitted).

Assuming the facts alleged as true, the Court finds that Young's Petition "state[s] a claim to relief that is plausible on its face." *Twombly,* 550 U.S.. at 570.  Young alleges a claim under Section 1983 based upon an allegedly unlawful taking of his property.  Although verbose, the Petition provides Defendants with adequate notice of the basis of his cognizable claim and the facts supporting that claim.  The Court holds that the Petition withstands scrutiny under Rule 8.

Further, the Court holds that an issue of fact exists regarding whether Young had an adequate remedy available to him to challenge the towing and impoundment of his vehicle.  As stated, Defendants argue that Young cannot state a claim under Section 1983 because Young did not take advantage of the available post-deprivation remedies.  Young, however, states that Defendants did not respond to his request for hearing, and that the "Stay at Home" COVID-19 Orders "prevented further reviews."  (ECF No. 13, ¶ 6).  Defendants did not respond to Young's contention that he was denied a post-deprivation hearing.  The Court finds that the adequacy and availability of a post-deprivation hearing remains in dispute.  *See Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 929 (8th Cir. 2016) ("for the specific post-deprivation remedy in place to satisfy due process, the remedy must be adequate").  Thus, the Court denies Defendants' Motion to Dismiss without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Retransfer to the State of Missouri and to Deny Defendant's Motion for Removal to Federal Court and to Strick [sic] the Removal Motion as Being Untimely (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Mayor of the City of St. Louis, Kent Flake, Jamie Wilson, and St. Louis Metropolitan Police Department's Motion to Dismiss (ECF No. 7) is **DENIED**.

**IT IS FINALLY ORDERED** that Defendants shall file their answers to the Petition within the time permitted by the Federal Rules.

Dated this 6th day of December, 2021.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**