**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

KEITH YOUNG, )
)
Plaintiff, )
) No. 4:21-CV-776 RLW
v. )
)
MAYOR OF THE CITY OF ST. LOUIS, et al., )
)
Defendants. )

**MEMORANDUM AND ORDER**

This matter is before the Court on several motions: Plaintiff's Motion to Enforce the Settlement in the Pending Cause under Performance in Full of the Settlement and for Attorney's Fees (ECF No. 37), Plaintiff's Motion to Appoint an Expert (ECF No. 42), and Motion for Extension of Joint Proposed Scheduling Plan (ECF No. 43). For the reasons stated below, all of these motions are denied.

**I. Motion to Enforce the Settlement**

As previously stated, Plaintiff filed this action based upon the impoundment of his vehicle by the City of St. Louis during the COVID shutdown in spring 2020. Plaintiff claims that he was not afforded his right to a hearing to contest the towing and removal of his vehicle. Young brought claims under various federal statutes and the Racketeer Influenced and Corrupt Organizations (RICO) Act. The Court referred this action to early neutral evaluation, which occurred on April 7, 2022. In his Motion to Enforce Settlement, Plaintiff asks the Court to enforce the agreement of the parties.

"Basic principles of contract formation govern the existence and enforcement of the alleged settlement[.]" *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1221 (8th Cir. 2006) (citing *In re Airline Ticket Comm'n Antitrust Litig.,* 268 F.3d 619, 623 (8th Cir.2001); *Sheng v. Starkey Labs.,* 53 F.3d 192, 194 (8th Cir. 1995)). "The essential elements of a valid settlement agreement are the

involvement of parties who are competent to contract, a proper subject matter, legal consideration, mutuality of obligation, and mutuality of agreement." *Chaganti & Assocs., P.C.*, 470 F.3d at 1221 (citing *L.B. v. State Comm. of Psychologists,* 912 S.W.2d 611, 617 (Mo. Ct. App. 1995)).

On April 15, 2022, Plaintiff filed this Motion to Enforce Settlement. (ECF No. 37). Plaintiff argues that a "settlement occurred and the opposing party(ies) did not agreed that the contract should not be binding until it was formally signed." (sic) (ECF No. 37 at 1). Instead, Plaintiff contends that a settlement occurred but that the early neutral evaluation was "not conducted in an impartial manner[.]" (ECF No. 37 at 3). On April 20, 2022, the mediator submitted an Alternative Dispute Resolution Compliance Report (ECF No. 38), stating that the parties did not achieve a settlement. On April 25, 2022, Defendants submitted their Response in Opposition to Plaintiff's Motion to Enforce Settlement (ECF No. 41). Defendants reiterate that the parties did not achieve a settlement and, therefore, there is no settlement to enforce.

The Court finds that the parties have not formed a settlement because there is no evidence of mutuality of obligation or mutuality of agreement, which are necessary for a settlement agreement. *See Chaganti & Assocs., P.C.*, 470 F.3d at 1221. Therefore, the Court denies the Motion to Enforce Settlement.

## II. Motion to Appoint an Expert

In his Motion (ECF No 42), Plaintiff asks the Court to appoint an expert pursuant to Fed. R. Civ. P. 55 and Fed. R. Evid. 701, 703, and 704. Plaintiff claims he "will need investigation performed by professional investigators and to interview, [prepare], and [make] reports made [in] accordance to the rules of evidence, and like tests." (ECF No. 42 at 2).

Fed. R. Evid. 706 provides that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit

nominations. The court may appoint any expert that the parties agree on and any of its own choosing. But the court may only appoint someone who consents to act." "Courts have considerable discretion in deciding whether to appoint an expert pursuant to Rule 706 and in apportioning costs under that provision when one party is indigent." *Houston v. Corizon Health Care*, 513 F. Supp. 3d 1100, 1100–01 (E.D. Mo. 2021); *see Severance v. Chastain*, No. 4:15-CV-74 CAS, 2018 WL 1251915, at *2 (E.D. Mo. Mar. 12, 2018) (citing cases). "Nevertheless, courts rarely exercise their authority under Rule 706, requiring extraordinary and compelling circumstances to justify appointing an expert witness under this rule." *Houston*, 513 F. Supp. 3d at 1101 (citing *Malady v. Corizon*, No. 1:13CV80 SNLJ, 2013 WL 5835995, at *1–2 (E.D. Mo. Oct. 30, 2013) (citing *In re Joint Eastern and Southern Districts Asbestos Litigation*, 830 F. Supp. 686, 693 (E. & S.D.N.Y. 1993)) (citing Fed. R. Evid. 706, Advisory Comm. Note ("experience indicates that actual appointment is a relatively infrequent occurrence"))); *United States Marshals Serv. v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1984) (court should appoint an expert witness only under compelling circumstances) (subsequent history omitted).

Here, Plaintiff has not shown compelling circumstances warranting the appointment of an expert witness. Plaintiff brought a claim, alleging improper seizure and disposal of his vehicle during the COVID 19 shutdown. Plaintiff has not identified the basis for any expert testimony related to his claim. Rather, his Motion presents a generalized request, without any specific area of expertise or subject matter. The Court finds Plaintiff's Motion to be insufficient "[b]ecause the purpose of Rule 706, to assist the factfinding of the court, would not be served by appointing Plaintiff a court-appointed expert at this point in the proceedings[.]" *Houston*, 513 F. Supp. 3d at 1101. Because he has not identified compelling circumstances warranting appointment of an expert, Plaintiff's Motion is denied without prejudice.

**III. Motion for Extension of Joint Proposed Scheduling Plan**

On May 2, 2022, Plaintiff filed a Motion for Leave for Extension of Joint Proposed Scheduling Plan. (ECF No. 43). Plaintiff states that the Court has not ruled on his pending Motion for Appointment of Counsel and that he is "ill-equipped to properly and satisfactorily disclose expert witnesses and provide reports," as required by Fed. R. Civ. P. 26(a)(1), before May 1, 2022. Plaintiff asks for an additional 30 days to disclose his expert witnesses and provide reports.

The Court denies Plaintiff's Motion for Extension of Joint Proposed Scheduling Plan. On January 11, 2022, the Court denied Plaintiff's Motion for Appointment of Counsel (ECF No. 28), and the Court finds no motion for appointment of counsel currently pending. As previously stated in its Order (ECF No. 28), the Court does not believe that the facts and legal issues in this case are so complex as to warrant appointment of counsel. Likewise, the pleadings filed by Plaintiff indicate that he is capable of presenting his arguments without counsel. Therefore, the Court finds that counsel is not necessary for Plaintiff to present his case and denies Plaintiff's Motion for Extension of Joint Proposed Scheduling Plan on this basis.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 19th day of May, 2022.