UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-776 RLW |
| | ) | |
| MAYOR OF THE CITY OF SAINT LOUIS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 51). Plaintiff opposes the motion (ECF No. 58) and it is ready for disposition. The Court will grant the motion for the reasons below.

### Background

Plaintiff brings this removed action against Jamie Wilson, Kent Flake, the St. Louis Metropolitan Police Department ("SLMPD"), and the Mayor of the City of St. Louis. (ECF No 4). Wilson is the Commissioner of Traffic for the City of St. Louis and Flake is the Commissioner of Streets. (ECF Nos. 53-2, 53-3). The crux of this 42 U.S.C. § 1983 action is that Defendants illegally impounded Plaintiff's vehicle in April 2020. (ECF No. 4). Defendants removed the case on the basis of federal-question jurisdiction. (ECF No. 1). They now seek summary judgment. (ECF No. 51).

### Legal Standard

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id*. Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*.

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex Corp.*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "The nonmoving party may not rely on allegations or denials" but rather "must substantiate [his] allegations with sufficient probative evidence that would permit a finding in [his] favor on more than mere speculation or conjecture." *Carter v. Pulaski Cnty. Special Sch. Dist.*, 956 F.3d 1055, 1059 (8th Cir. 2020) (quoting *Ball v. City of Lincoln, Neb.*, 870 F.3d 722, 727 (8th Cir. 2017)). "Small factual disputes about the underlying events . . . could only create the 'metaphysical' kind of doubt that the Supreme Court decried in *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)." *Main v. Ozark Health, Inc.*, 959 F.3d 319, 327 (8th Cir. 2020) (cited case omitted).

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Celotex Corp.*, 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury

functions, not those of a judge.'" *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000)).

## Facts

Generally, on a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (citing *Thomas v. Union Pac. R.R. Co.*, 308 F.3d 891, 893 (8th Cir. 2002)). Here, however, Plaintiff did not respond to Defendants' Statement of Uncontroverted Material Facts ("SUMF") as required by Local Rule 4.01(E), which states, in relevant part:

> Every memorandum in opposition must be accompanied by a document titled Response to Statement of Material Facts, which must be separately filed using the filing event "Response to Statement of Material Facts." The Response must set forth each relevant fact as to which the party contends a genuine issue exists. The facts in dispute shall be set forth with specific citation(s) to the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from the moving party's Statement of Uncontroverted Material Facts.

E.D.Mo. L.R. 4.01(E). The penalty for failing to follow the rule is clear: "All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." *Id*. Thus, all matters set forth in Defendants' Statement of Uncontroverted Material Facts are deemed admitted for purposes of summary judgment.[1] E.D.Mo. L.R. 4.01(E); *see Roe v. St. Louis Univ.*, 746 F.3d 874, 881 (8th Cir. 2014) (if the opposing party does not raise objections to a movant's statement of facts as required by Local Rule 4.01(E), "a district court will not abuse its discretion

---

[1] Plaintiff's pro se status is irrelevant in this regard. "Even pro se litigants must comply with court rules and directives." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) (citing *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir.1983)).

3

by admitting the movant's facts."); *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 579 (8th Cir. 2006) (district court did not abuse its discretion in deeming facts set forth in moving party's summary judgment motion admitted under E.D. Mo. Local Rule 4.01(E) where no timely response was filed); *Ridpath v. Pederson*, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material facts, it was deemed admitted under E.D.Mo. Local Rule 4.01(E)). Thus, the following facts are taken from Defendants' Statement of Uncontroverted Material Facts and the Court's own review of the record.

On April 27, 2020, SLMPD Officer Isaac Porch responded to a citizen complaint about an abandoned vehicle located at 400 Bell Avenue. (Defendant's SUMF, ECF No. 53 at ¶ 1). Upon arrival, Porch observed Plaintiff's vehicle—a grey Pontiac Grand Prix—illegally parked and obstructing a public roadway. *Id.* at ¶¶ 2-4. Porch had the vehicle transported to a towing facility. *Id.* at ¶¶ 5-6. The next day, the St. Louis Streets Department sent notice to Plaintiff that his vehicle had been towed and was being held at a facility on Hall Street. *Id.* at ¶ 8. The notice informed Plaintiff how to recover his vehicle and explained that if he did not do so within 30 days, the vehicle would be subject to public auction or disposal. *Id.* at ¶¶ 10-11. The notice also informed Plaintiff of his right to a hearing to contest the towing of his vehicle. *Id.* at ¶ 12. Plaintiff admits that he received this notice but did not call to request a hearing. *Id.* at ¶¶ 9-15; ECF No. 53-6, Young Dep. 50:8-54-21. The City sold the vehicle at auction on August 3, 2020, for $350.00. *Id.* at ¶ 16-17.

## Discussion

Plaintiff's Complaint is excessively redundant and difficult to follow. It is clear, however, that Plaintiff believes Defendants violated his constitutional rights. For example, Plaintiff asserts that Defendants "fail to be aware of unreasonable danger deprive [sic] plaintiff of liberty, property

[illegible] in violation of constitutional guarantees." (ECF No. 4 at ¶ 10). Plaintiff further argues that Defendants' actions "constitute a taking of Plaintiff's vehicle personal property without Due Process of law in violation of plaintiff's Fifth Amendment Rights[.]" *Id.* at ¶ 13. Plaintiff also appears to assert a *Monell* claim by arguing that Defendants' "policies or customs were the moving force behind the constitutional violation of plaintiff's constitutional rights." *Id.* at 10.[2]

## I.   Qualified Immunity

Plaintiff sues Defendants in their individual and official capacities. (ECF No. 4). Defendants assert that they are entitled to qualified immunity in their individual capacities. (ECF No. 52 at 4). The Court agrees.

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Put another way, qualified immunity shields public officials from liability in a § 1983 action unless: "(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." *Stark v. Lee Cnty.*, 993 F.3d 622, 625 (8th Cir. 2021) (citation and internal quotation marks omitted). The doctrine protects all but the plainly incompetent or those who knowingly violate the law. *Clayborn v. Struebing*, 734 F.3d 807, 808 (8th Cir. 2013) (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Officers are allowed considerable room for mistaken judgments. *Id.* (citing *Borgman v. Kedley*, 646 F.3d 518, 522 (8th Cir. 2011)). "To overcome [Defendants'] claim of qualified immunity,

---

[2] Plaintiff references the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 4 at 2, 14-15). Plaintiff does not, however, offer any allegations relating to RICO or the Equal Protection Clause.

[Plaintiff] bears the burden of showing that the facts alleged, construed in the light most favorable to [Plaintiff], demonstrate the violation of a constitutional right that was clearly established at the time of the violation." *Church v. Anderson*, 898 F.3d 830, 832 (8th Cir. 2018) (citation and internal quotation marks omitted).

### a. Due Process

The Court will begin with Plaintiff's due process claim. A § 1983 procedural due process claim turns on (1) whether the state actor's decision impacted a protected liberty or property interest, and if so, (2) whether the state actor provided sufficient process before depriving the plaintiff of that interest. *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013). It is well established that municipalities may tow illegally parked vehicles without providing pre-deprivation notice and hearing procedures. *Id.* (citations omitted). Even so, due process requires that the vehicle owner be given the opportunity to be heard at a meaningful time and in a meaningful manner after the vehicle is towed. *Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1979)).

Here, it is undisputed that Plaintiff parked his car illegally.[3] (ECF No. 53 at ¶¶ 1-6). It is also undisputed that he received a letter "within a couple days of April 28" informing him that the vehicle had been impounded. (ECF No. 53 at ¶¶ 8-9; ECF No. 53-6, Young Dep. 51:20-24). The letter explained: "You have a right to a hearing to contest the towing or removal of the vehicle. If you wish to do so, please call 314-383-7546 and request a hearing." (ECF No. 53-4). As Plaintiff acknowledged during his deposition, he did not request a hearing. (ECF No. 53-6, Young Dep. 52:20-54:15). What is more, City Code § 17.56.060 states that "[a]ny person . . . aggrieved by any decision of the Metropolitan Police Department to remove a vehicle pursuant to Section 17.56.020

---

[3] The Court reiterates that all matters set forth in Defendants' Statement of Uncontroverted Material Facts are deemed admitted due to Plaintiff's failure to respond in accordance with Local Rule 4.01.

may request a hearing before the Director of Streets or his designee." Thus, Plaintiff had the opportunity to be heard at a meaningful time and in a meaningful manner but he declined that opportunity.

There is simply nothing in the record to suggest that Defendants deprived Plaintiff of a liberty or property interest without due process of law. *See Tate v. D.C.*, 627 F.3d 904, 908 (D.C. Cir. 2010) (finding that plaintiff received adequate due process where the District of Columbia provided notice of her infractions and gave her an opportunity to be heard, even though the District sold the vehicle three days before the auction date provided in the written notice). Plaintiff has not established that Defendants violated his right to due process. Accordingly, the Court need not address whether a particular right was clearly established at the time of the alleged deprivation. Defendants are entitled to qualified immunity on Plaintiff's due process claim.

### b. The Takings Clause

The record is similarly devoid of facts showing that Defendants violated the Takings Clause of the Fifth Amendment. The Fifth Amendment prohibits the taking of private property for public use without just compensation. "The clause does not entitle all aggrieved owners to recompense, only those whose property has been 'taken for a public use.'" *AmeriSource Corp. v. United States*, 525 F.3d 1149, 1152 (Fed. Cir. 2008). "Property seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause." *Id.* at 1153.

Plaintiff does not argue that Defendants took his vehicle for public use. The record shows that Officer Porch removed Plaintiff's vehicle from the street because it was illegally parked. In doing so, Officer Porch exercised his police power. *See AmeriSource Corp.*, 525 F.3d at 1152.

There is nothing in the record to suggest that Officer Porch took Plaintiff's vehicle for public use and there is certainly no evidence that Defendants did so. Plaintiff has not alleged facts

that demonstrate a violation of the Takings Clause. As above, the Court need not address whether a particular right was clearly established at the time of the alleged deprivation. Defendants are entitled to qualified immunity on Plaintiff's takings claim.[4]

### c. Personal Involvement

As established, when viewed in the light most favorable to Plaintiff, the alleged facts show no violation of a constitutional or statutory right. But even if Plaintiff could establish a violation of a constitutional or statutory right, the Complaint still fails because it does not demonstrate that each defendant violated that right by their own conduct. *Manning*, 862 F.3d at 669. The Complaint contains no allegations relating to each defendant's personal involvement. Instead, Plaintiff alleges that Defendants "are deliberate indifferent [sic] in training and supervising their officers[.]" (ECF No. 4 at 8). But for Defendants to be liable under § 1983, Plaintiff must establish a causal link to, and direct responsibility for, the deprivation of Plaintiff's rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Put another way, Plaintiff must plead that each defendant, through her own individual actions, violated Plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Plaintiff has not done so here. And while a supervisor may incur liability for a violation of a federally protected right if the supervisor knew about the violative conduct or otherwise approved it, *Ottman v. City of Independence*, 341 F.3d 751, 761 (8th Cir. 2003), there is nothing in the record to suggest that any defendant knew about or condoned the alleged unconstitutional conduct. In fact, at his deposition, Plaintiff admitted that he did not know whether the individual defendants were involved in the towing of his vehicle. (ECF No. 53-6, Young Dep. 59:11-63:3). Thus, even

---

[4] The Court acknowledges that the doctrine of qualified immunity requires an individualized analysis as to each government defendant. *Manning v. Cotton*, 862 F.3d 663, 668 (8th Cir. 2017). Here, Plaintiff provides no individualized facts and instead treats Defendants as a single entity throughout the Complaint. (ECF No. 4). Thus, there are no defendant-specific facts for this Court to analyze.

if Plaintiff could establish a violation of federal law, he has not substantiated his allegations with sufficient probative evidence that each defendant was personally involved in the alleged conduct.

Plaintiff has not established a violation of federal law and Plaintiff's conclusory allegations do not raise a genuine issue for trial. Defendants are entitled to qualified immunity in their individual capacities on all claims.

## II.   Municipal Liability

Defendants next assert that they are entitled to judgment as a matter of law in their official capacities because Plaintiff cannot establish that any particular municipal policy or custom violates federal law. (ECF No. 52 at 13). Here again, the Court agrees.

"A plaintiff who sues public employees in their official . . . capacities sues only the public employer and therefore must establish the municipality's liability for the alleged conduct." *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir.2016). To establish municipal liability under § 1983, a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity. *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citing *Monell*, 436 U.S. at 690-92). Municipal liability will attach where: (1) a particular municipal policy or custom violates federal law, or directs an employee to do so; and (2) a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Id.* at 817-18 (citing *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008)).

Here, the public employer is the City of St. Louis. Plaintiff does not identify a particular municipal policy or custom that allegedly violates federal law.[5] In fact, Plaintiff explicitly asserts

---

[5] Plaintiff asserts in his Complaint that Defendants were negligent for failing "to follow policies of Governors' [sic] State of Emergency Orders and caused towing of Plaintiff's vehicle and other personal property therein." (ECF No. 4 at ¶ 9). It is unclear whether Plaintiff intends to

that Defendants were not authorized by municipal law to engage in the allegedly violative conduct. (ECF No. 4 at 7) (Defendants' actions "were unjustified [and] not authorized under any Code of Ordinances Chapter 17.56[.]"). Yet elsewhere in the Complaint, Plaintiff asserts that the unspecified "policies and customs" that permitted Defendants' conduct are unconstitutional. *Id.* at 9. These conclusory allegations are not enough. *See Johnson v. Douglas Cnty. Med. Dep't.*, 725 F.3d 825, 828 (8th Cir. 2013) (To establish municipal liability through a "custom," the plaintiff must demonstrate, among other things, the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct). Plaintiff has not establsihed a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). No reasonable jury could find such a direct causal link on the record before presently before the Court. Thus, Plaintiff has failed to raise a genuine issue of material fact for trial and Defendants are entitled to summary judgment on Plaintiff's official-capacity claims.[6]

## Conclusion

Plaintiff has not established the deprivation of a constitutional or statutory right, or that each defendant was personally involved in the alleged violative conduct. Thus, Defendants are entitled to qualified immunity in their official capacities. *See Stark*, 993 F.3d at 625; *Manning*, 862 F.3d 663. Further, there is no genuine issue of material fact relating to the constitutionality of any

---

assert a true negligence claim against Defendants or if he believes the alleged violation of Governor Mike Parson's COVID-19 Executive Orders somehow evidences a violation of federal law. Either way, Plaintiff provides no factual or legal support for this claim.

[6] Defendant SLMPD is not a legal entity or government agency capable of being sued because it is merely a division of city government. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Even if SLMPD was a suable entity, Plaintiff could not establish liability under *Monell* for the reasons already discussed herein.

particular municipal policy or custom. Thus, Defendants are entitled to judgment as a matter of law on Plaintiff's *Monell* claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED** in its entirety. (ECF No. 51).

**IT IS FURTHER ORDERED** that all remaining motions are **DENIED** as moot. (ECF Nos. 59, 65, 66, and 67).

An appropriate judgment will follow.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of July, 2023.

11